FILED

NOV 13 2024

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  | Kimbly Arnold (Pro Se and Law Student)
2  | Roland Dunham II (Pro Se)
   | 1611 Carlton Avenue
3  | Modesto, CA. 95350
   | Kimblyarnold@hotmail.com
4  | (510) 717-6208

5

6  | **IN THE UNITED STATES DISTRICT COURT**
   | **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8  | KIMBLY ARNOLD AND ROLAND
9  | DUNHAM II,

   | Case No.: 2 4 CV 0 1 3 9 0

   | **COMPLAINT FOR:**

10 |         Plaintiff,

11 | vs.

   | **(1) VIOLATION OF CILVIL RIGTHS
   | [42 U.S.C. § 1981]**
   | **(2) VIOLATION OF FIRST**

12 | LION'S CLUB INT'L ASSOC., SUSAN
13 | FISHER, and DAVID KINGSBURY, PAM
   | GRASHMA, FLORESIA ALLEN,
14 | MARYANN, SWEET POTATOES SOCIETY
   | CORP., NEW LONDON COMMUNITY MEAL
15 | CENTER, CORP., MARYANN MARTINES,
   | EXECUTIVE DIRECTOR; TRINA CHARLES,
16 | STEP UP CORPORATIONN,

   | **AMENDMENT RIGHTS TO FREEDOM
   | OF SPEECH WITH:**
   | **(A) RESTRICTING SPEECH**
   | **(B) (CONSTITIONAL STANDARD)**

   | **(3) DEFAMATORY FALSEHOOD AND
   | FALSITY**

17

   | **DEMAND FOR JURY TRIAL**

18 |         Defendant

19 |              **COMPLAINT**
20 | Pro se Plaintiffs Kimbly Arnold and Roland Dunham II hereby allege for their Amended
21 | Complaint with the following:

22 |              **PARTIES TO THIS COMPLAINT**
23 | 1. Plaintiff Kimbly Arnold is an individual residing in Modesto, California. During the time
24 | period relevant to this pleading, Ms. Arnold was a member and cabinet secretary of the Lion's
25 | Club New London Black Heritage Club.
26
27 | 2. Plaintiff Roland Dunham II is an individual residing in New London, Connecticut
28

CIVIL RIGHT COMPLAINT [AMENDED FILING BACKDATING]

1

during the time period relevant to this pleading, Mr. Dunham was a member of Defendant Lion's Club International Association and served as founder and president of the Lion's Club New London Black Heritage Club, where a draft of this pleading was filed with the help of attorney in the Federal Pro Se Legal Assistance Program at New Haven Legal Assistance Association Case No. 23 cv 561 (SVN) which was dismissed without prejudice on November 10, 2023.

3.    Defendant Lion's Club International Association is a register corporation and or an association of a municipality of the state of Connecticut and may be served with process of service as resident at 366 Ash Street, Unit 13, Willimantic, Connecticut.

4.    Defendant Susan Fisher is an individual residing as a resident at 366 Ash Street, Unit 13, Willimantic, Connecticut. At the time period relevant to this pleading, Ms. Fisher was the District Governor of Defendant Lion's Club International Association.

5.    Defendant David Kingsbury is an individual residing in the State of Illinois. During the time period relevant to this pleading, Mr. Kingsbury was general counsel of Defendant Lion's Club International Association whose address is located at 300 W 22nd Street, Lombard, IL 90148, when the claim arose.

6.    Defendant Floresia V. Allen is an individual residing in New London, Connecticut. During the time period relevant to this pleading, Ms. Allen is a former member of the New London Black Heritage Club, who is the Founder of Sweet Potato Society Inc., located at 254 Rocksberry Road, Niantic CT. 06357.

7.    Defendant MaryAnn Martinez is an individual residing in New London, Connecticut. During the time period relevant to this pleading, Ms. Martinez, was not a former member of the New London Black Heritage Club, or an Associate of the Defendant Lion, Club International-

LCI-The Defendant Mary Ann is the Executive Director of New London Community Meal Center located at 12 Montauk Avenue, New London, Ct. 06320.

8.    Defendant Trina Charles is an individual who reside at 106 Truman Street, New London, Connecticut. -LCI During the time period relevant to this pleading, Ms. Charles was not a former member of the New London Black Heritage Club, or an Associate of the Defendant Lion International Association. The Defendant Ms. Charles, is the Executive Director of Step-Up - New London in New London, Ct.

### BASIS FOF JURISTIDICTION

9.    This is an action to remedy Defendant's violation of Plaintiffs' civil rights in violation of 42 U.S.C.§ 1981, and Under 28 U.S.C. § 1331, were cause of action arises under the United States Constitution and under federal laws; including the Plaintiff Kimbly Arnold, is an individual citizen of the State of California Under 28 U.S.C. §1332, is also a case where diversity of citizenship exists between the defendants and the Plaintiffs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to this Complaint took place in this district.

12. The amount in controversy-that the Plaintiffs Ms. Arnold and Mr. Dunham II, claim the Each Defendant owes is more than $75,000.00 not counting interest, cost of preparation for litigation, documents, and service cost.

### STATEMENT OF CLAIMS

13. Plaintiff Kimbly Arnold is a Negro- Black American Women and was a member of the New London Black Heritage Club and the Defendant Lion's Club International Association for 90 to 12o days -- before the Defendants revoked the Plaintiffs Ms. Arnold membership.

14. The Plaintiff Ms. Arnold, became a member of the Lions Club by first paying her dues to Defendant Lion's Club International where Ms. Arnold, alleged contract agreement entitled her resolution dispute services, and other benefits under the membership contract with Lion's Club International Association.

15.  Ms. Arnold paid in dues to Defendant Lion's Club International where Mr. Dunham paid more than $50,000.00over his time as a member in good standing paid and earned the right to oversee the Black Heritage Club in New London charter in New London.

16. Ms. Arnold, together with Mr. Dunham and the New London Black Heritage Club raised approximately $10,000 in donations for various project to assist the Black community in Jackson Mississippi with water project forfeited, or collection for water contract with FEMA; or rescinded.

17. On or about August 22, 2022, the Defendant Kingsbury wrongfully made the Plaintiffs a victim of Discriminatory Conduct against Ms. Arnolds, business with nonmembers of the Lions Club, the Defendant David Kingbury, had no right to include Ms. Arnold in complaint of misuse of Lion logo just because she was associated with the Plaintiff Roland Dunham." Who added the Plaintiff into his video" using the Defendants historical or outdated custom logo.

18. On or about August 22, 2022, the Defendant Kingsbury, invidious discriminated or wrongfully excluded Ms. Arnold, from engaging with the public in order to uphold perceived race discriminatory practices.

19. On or about August 22, 2022, Defendant David Kingsbury relied on unjustified assumption about The Plaintiff Ms. Arnold, efforts in providing volunteered humanitarian emergency services to the mentally ill person in California, as record the Defendants unjustified assumption that the Plaintiff Ms. Arnold, was engaging in the following wrongful conduct such as: (1) promoting her

business; and/or (2) personally benefiting off the mentally ill person situation; and/or (3) claiming

that Ms. Arnold "appeared to be disclosing personal medical information" where the Plaintiffs was

forced to remove the video violated Ms. Arnold First Amendment Rights to Freedom of Speech.

20. On or about August 22, 2022, Defendant David Kingsbury, discrimination based on true

Trademark Policy wrongfully included Ms. Arnold, in engaging in misconduct than other members

were false and insufficient reason to disqualify Ms. Arnold and the entire Black members who the

generalization of misconduct did not apply the Defendants action was based on generalizing race

base discriminations.

22. On or about August 22, 2022, Defendant David Kingsbury was being intentionally

disparaging towards Ms. Arnold and Mr. Dunham and the entire black members with the

Trademark Policy where only Blacks or African Americans Club was eliminated based on the

Trademark Policy were the Defendant allowed white members to misuse the logo Trademark

Policy in a discriminatory manner that did not violate the white associate rights of the organization

or revoking other members charters.

23. I believe the reason the Defendant Kingsbury terminated Ms. Arnold, membership was

based on Ms. Arnold, being a member for less than 30 days and bear witness to the following: (1)

possible poaching; of Mr. Dunham II Club Members; (2) Misappropriation of Project Funds; (3)

Forcing Mr. Dunham to abandon his Mental Health Project; and his Mississippi's Jacksonville

water project; (4) including publishing club revocation to each and every member that was

consider a gross violation of ethical policy in which Ms. Arnold, reported her concern to Mr.

Kingbury were she said  discriminatory practices should not be allowed to continue against Mr.

Dunham.

24. Defendants Trina Charles wrongfully invoked violating Ms. Arnolds, civil rights and

1  constitutional rights to freedom of speech as it relates to Natural Disaster Fraud Policy were Ms.

2  Arnold, was contacted by Plaintiff Mr. Dunham, being suspicious of the Defendant Triana

3  infringing into Mr. Dunham's Jackson Mississippi water project in which Ms. Arnold, was asked

4  to listen to the conversation between the Defendant Ms. Charles and Plaintiff Mr. Dunham, as

5  she claimed financial assistance, and public donation not specifically for [all]the resident of

6  Jackson Mississippi but for her family members who supposably also lived in Mississippi, where

7  Ms. Arnold, listened respectfully to the conversation between the Defendant Ms. Charles and the

8  Plaintiff Mr. Dunham, and was long before Ms. Arnold, suspected Ms. Charles had stolen the

9  Mississippi water project ideal from the Plaintiff Mr. Dunham were she intended to solicit

10 donation, water and relief funds just for her family in Jacksonville Mississippi not at any time

11 was the Plaintiff yelling or threatening the Defendant Ms. Charles. the Trina.

12 25. The Jackson Mississippi water campaign did not come forth by the Defendant Traina,

13 own ingenuity but by the challenging work of Plaintiff Mr. Dunham and Ms. Arnold where the

14 Defendants Triana Charles, with the help of the David Kingbury are being sued for

15 violating the Plaintiff Ms. Arnolds, and Mr. Dunham rights to freedom of speech, civil rights

16 violation by intentional alienation the Plaintiffs Arnold from preventing social service ideals

17 from being copied and misused as Natural Disaster waste, fraud or scams where the Defendant

18 Ms. Charles, provided false statement related to Ms. Arnold, engaging in-inappropriate and

19 aggressive conduct over the phone on September 13, 2022, concerning the Jackson Mississippi,

20 water project.

21 26. Ms. Arnold, alleges that every material fact in Ms. Trina letter is untrue as the Plaintiff

22 more than likely through recording, personally wittiness who heard the conversation that

t the Defendant Trina Charles, written statement was false and defamatory was a false account of the event mis-portraying Plaintiff Ms. Arnold, conduct as someone who was being aggressive towards the Defendant.

27. The actions of Defendant Ms. Charles were wrongful, malicious, and designed to embarrass and damage Plaintiff. Plaintiff suffered extreme mental and emotional anguish as a result of Defendant's wrongful action. Both Plaintiffs incurred loss of membership as a result of Defendant's deliberate and malicious conduct.

28. Both Ms. Arnold and Mr. Dunham II, has suffered harm to his and her reputation. including open humiliation among club members, embarrassment, mental anguish and distress by being singled out by the Defendants Trina and the help of Defendant Kingbury, who published a copy of the Defendants letter to every Lion Club Member through written email and LCI-Notice putting the Plaintiff Club on Status Quo  (sees attachments (See Exhibit A).

29. Plaintiff Ms. Arnold and Mr. Dunham would show that the actions of Defendant herein reflect a malicious, intentional, willful, and reckless disregard of the rights of Plaintiff herein and warrant an award of punitive damages to Plaintiff Ms. Arnold believes she is entitled to a judgment of and against Defendant Ms., Trina, and Defendant David Kingbuty for compensatory and punitive damages.

30. Defendant Lion's Club International Association ("Lion's Club International") is a worldwide civic and humanitarian organization with approximately 1.4 million global members and countless local clubs around the world, including in the state of Connecticut.

31. Lion's Club International actively recruits members who join by paying nominal dues.

32. Membership in Lion's Club International is not exclusive and has minimal requirements. Members must be at least 18 years of age and interested in helping better the community.

33. In consideration of members' dues, Lion's Club International connects members to local Lion's Club chapters in their communities and provides social networking opportunities.

34. Plaintiff Roland Dunham II is a Black male and was a member of Defendant Lion's Club International since second-generation member in-good- standings for five years; that included loss $10,000.00 in training and pins for exclusive club.

35. On or about June 5, 2019, Mr. Dunham founded a local Lion's Club chapter, the New London Black Heritage Club, for the purpose of serving the Black community in Connecticut and in other places of need.

36. Approximately thirty members in addition to Mr. Dunham and Ms. Arnold joined the New London Black Heritage Club.

37. Membership in this Lions club acquired by invitation only. Ms. Arnold paid in dues to Defendant Lion's Club International where Mr. Dunham, a member in good standing who sponsor, the Plaintiff Kimbly Arnold into the club where Ms. Arnold, was the Club Secretary.

38. By paying dues and charter fee to Defendant Lion's Club International, Mr. Dunham and Ms. Arnold, each are ere entitled to the benefits of a membership contract with Lion's Club International.

39. Benefits of the membership contract included access to Defendant Lion's Club International's social networks, support from Lion's Club International for project planning, Lions provide services to beneficiaries in their communities or around the world; coordinates partnership agreements involving LCI service programs or initiatives in conjunction with LCIF activities and funded.

40. Mr. Dunham, Ms. Arnold, and the New London Black Heritage Club raised

approximately $10,000 from donations for a project to assist the Black community in Jackson

Mississippi with Mississippi Water Project.

41. On or about July 22, 2022, a club dispute had risen regarding Defendant Floersia request

to be transferred to a nonblack club [ The Niantic Club) where the Defendant Florisa was not in

good standing due to the following reason: (1) the defendant Florisa had abandoned July 30,

2022, Educational Outreach Project in which she had received $1,000.00 and failed to return the

funds or Plaintiffs Property; (2) The Plaintiff Ms. Arnold and Mr. Dunham II refused the

Defendants Ms. Florisia member's transfer due to the Defendant indebtedness to the Black

Heritage Club dues and fees were not paid since June, July the Plaintiffs  Ms. Arnold and Mr.

Dunham II, decided to withhold/deny member request to transfer. (see Exhibit B)

42. On or about August 10, 2022, Defendant Susan Fisher commenced with undermining the

club rule by willfully displaying discriminatory practice against the Mr. Dunham II in favor of

non-black. Lion Club member Kirk where the Defendant Florsia, while in bad standing was still

allowed to be transferred to the Non-Black club without curing the members fees, returning

property to the Plaintiffs. (See Exhibit B-3)

43.  On or about August 9, 2022, Defendant Susan Fisher, and Defendant David Kinsgbury

informed Mr. Dunham that the Legal Division had received complaint from members of his

community and video and misuse of Lions Logo and how the Plaintiffs Mr. Dunham II was in

breach of "Club Obligation where he was to remain in good standing, and shall abide by the

following: **(c) "Abide by the constitution, by-laws, and the policy of the international Board**

**of Directors"** notice sent to the Plaintiff Mr. Dunham II, on  as constructive retaliatory manner

in response to Mr. Dunham refusing to transfer the Defendant Florisa to Nonblack club who

misused Mr. Dunham II educational project funds..(See Exhibit B-Misuse of Funds)

44. On or about September 30, 2022, Defendant Susan Fisher, and Defendant David Kinsgbury informed Mr. Dunham that the New London Black Heritage Club's membership charter was being revoked and that the club no longer had any affiliation with the Lion's Club International.

45. Defendants Fisher and Kingsbury wrongfully revoked the New London Black Heritage Club's charter for the pretextual reason that the club had not paid its dues.

46. Defendants Fisher and Kingsbury were motivated by intentional ethnicity and race discrimination

when they revoked the New London Black Heritage Club's charter.

47. During the time period relevant to this pleading, the New London Black Heritage Club was the only Lion's Club International-affiliated club in the State of Connecticut focused on the Black community receiving extended services need base services such as mental health project.

48. During the time period relevant to this pleading, there existed Lion's Club International-affiliated clubs in Connecticut focused on other ethnic and racial communities, including white harbor lions club, and 250 Confederate Anniversary Celebration.

49. Defendant Lion's Club International was aware of the wrongful actions of Ms. Fisher and Mr. Kingsbury and failed to prevent the revocation of the New London Black Heritage Club's charter, even after Plaintiffs paid $250.00 for their complaint to also be heard; that was overlooked, intentionally ignored by the Defendants Lion Club Internation Legal Counsel.

50. Due to Defendants' interference with Mr. Dunham's contract rights on the basis of his race, Mr. Dunham suffered significant economic loss, emotional harm, and the painful severance of his proud identity as a Lion and active member serving his community.

51. Due to Defendants' MaryAnn, and Trian Charles interference with Mr. Dunham Club

contract rights on the basis of refusing to participate in Women King Project or Movie event base

on past slavery acts Mr. Dunham was harassed, and defamed by both Defendants Ms. MaryAnne

and Ms. Charles, were false statement was written to the Defendant Kingbury and Defendant Sue

Fisher; slandering the Plaintiff Dunham and Ms. Arnold reputation in the in the community

causing them both to equally to loss his charter; and Ms. Arnold, to loss her contract rights to

membership services.

52. Due to Defendants' interference with Ms. Arnold's contract rights on the basis of her

constitutional freedom of speech and civil rights Ms. Arnold suffered emotional pain and

suffering.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Race Discrimination (42 U.S.C. § 1981)

53. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth fully herein.

54. Plaintiffs are members of a racial minority because they identify as Black.

55. On or about August 9, 2022, Defendants collectively intentionally discriminated

against Plaintiffs on the basis of race by wrongfully revoking the charter of the New London

Black Heritage Club and depriving Plaintiffs of the benefits of their membership in Lion's Club

International.

56.    Defendants' discrimination concerned Plaintiffs' right to make and enforce contracts.

57.    Plaintiffs allege circumstances that give rise to an inference that Defendants were

motivated by racially discriminatory intent.

58.    Defendants' intentional race discrimination caused Plaintiffs to suffer economic damages

and emotional harm.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of First & Fourteenth United States Constitutional Amendment
### Right with Restriction and False Statements

60.     Plaintiffs Kimbly Arnold and Plaintiffs Mr. Dunham II, repeat and reallege for its complaint the foregoing paragraphs as if set forth fully herein.

61.     Plaintiffs are members of a racial minority because they identify as Negroes and Black Lion Members bring this action challenging the constitutionality and the right to free speech against: (1) Lions Club Discriminatory Practices; (2) Mary Ann Martinez and the Right to Boycott Woman King; (3) Trina Charles Constitutional Restriction of Speech Against the Right to Boycott the Woman King Movie and to Protect the Jackson Mississippi Natural Disaster Project being copied and exploited by the Defendants Ms. Charles.in which the Defendants . On or about August 9, 2022, Defendants collectively intentionally violated the Plaintiffs First Amendment Rights against the Plaintiffs on the basis on (i) open disputes of racism, hateful practices(ii) extremis or radicalization of Women King Movie (iii) disinformation or false and misleading information, (iv) targeting and harassment and publicizing retaliatory action taken against the Plaintiffs for the purposes of causing open humiliation and embarrassment.

62.     Defendants' violating the Plaintiffs right to speak-up against historical patterns of discrimination; including speaking against unfairly exploiting natural disaster funds and water campaigns concerned Plaintiffs' right to rise a dispute causing the Defendants to wrongfully revoke the charter of the New London Black Heritage Club and depriving Plaintiffs of the benefits of their membership in Lion's Club International.

63.     Defendants violated the First Amendment of the United States Constriction and Article I, Section 2, of the California Constitution with restricting Plaintiffs' right to make and enforce culture services against their will, impermissibly interfered with the Plaintiff Ms. Arnold and Mr. Dunham positionality-to-be protected against constructive threats of club violation and charter removal violated Mr. Dunham's' freedom of speech rights to constitutional protection.

64      Plaintiffs Mr. Dunham allege circumstances that given rise to the Defendants LCI- and

Defendant MaryAnne and Defendant Ms. Charles, inference were motivated by removing the

Defendants speech against "Boycotting the Women King Movie" that the Defendants deemed

undesirable or harmful practices to their bias community policies; and have now created a "New

Club" commandeering Black American Lion Clubs History, Heritage for exploitation.

Defendants' intentional ethnicity/ race discrimination caused Plaintiffs to suffer economic

damages and emotional harm.

65.      Defendants Lion Club International Board of Director October 6, 2022, meeting was held

reviewing alleged "willful violation of association's policy; and/or false claims the Plaintiffs Mr.

Dunham "lack of action" to rectify alleged policy violation and "several complaints from

members in the community" was defamatory falsehood  and false  allegations as the Defendants

LCI-board review violated connotational standards of the 14th Amendment (1868) of the

Constitution of the United States in that the Defendants LCI- Board of Directors violated the

laws of due process in which the Defendants LCI- Board violate the Plaintiffs Mr. Dunham

Rights to Dispute Resolution Procedures (DRP)  internal mechanism for resolving disputes

without the need for a formal evidentiary hearing.. (See Exhibit C).

66. The Defendant LCI- Board of Directors intentionally violated the Plaintiffs Mr. Dunham's II

and Mr. Arnold First and Fourteenth Amendment of the Constitution of the United States on or

about October 2022 the Defendant LCI- Board and "The Constriction and By-Laws Committed

held a formal evidentiary hearing were they evaluated " the evidence of the club's supposably

Continued use of unauthorized trademark, as well as several complaints from members

unspecified members in the community" which lead to the Defendant LCI falsely placing the

Club in status quo position . (see Exhibit C)

67. Plaintiff would show the willful intentional acts of Defendant LCI- Board of Directors constitute malicious violation of the Plaintiffs civil right and constitutional entitlement to a judgment of and against Defendant for compensatory and punitive damages for formally and informally denying the Plaintiffs equal rights and consideration to dispute evidence the following evidence: (1) two complaints; (2) email exchanges;(3)and/or screen shots of text messages from individual associated with two independent non-profit organizations in the New London area. In which the Constitutional Complaint Procedure denied the Plaintiffs Mr. Dunham and Ms. Arnold who paid the Defendant $250.00 for the right to be heard and to defend themselves against allegation was denied or intentionally being disgraced or ignored which resulted in the Plaintiffs Mr. Dunham and Ms. Arnold First Amendment Freedom of Speech and Fourteenth Amendments to equal access to legal services being violated. (See Exhibit C and Exhibit D)

68.    Defendants equally denied the Plaintiff Dunham II rights as African American to rise claims complaints about most controversial club members poaching other clubs-members that were not in good standing that was extremely controversial and inherently subject to the Plaintiffs disagreeing with the Defendant LCI formal hearing where the Plaintiffs was not allowed to attend or speak against the complaints the Plaintiff is entitled to a Judgment of and against Defendant for compensatory and punitive damages for violation of the Plaintiffs Constitutional Rights.

69.    Plaintiff would show the willful intentional acts of Defendant constitute malicious false allegation where false statements alleged that the Plaintiff Mr. Dunham on a phone call to staff an "unspecified staff member" became aggressive, threatening, and disrespectful to others" and went as far to call them? (unknown staff) member "racist" and "White supremacist" were false and intentional said in order to inflict emotional distress and libel and slander Plaintiff Mr.

Dunham is entitled to a judgment of and against Defendants for compensatory and punitive damages as the Defendant LCI- committed removed the Plaints as "lion" and prohibited from membership without formal hearing violated the Plaintiffs constitutionally rights protecting him and her against retaliatory threats resulting in the club being revoked was unconstitutional. (see Exhibit c and D)

### RELIEF

WHEREFORE, Plaintiff brings this action against Defendant LCI, Defendants Susan Fisher who falsely reported unpaid club dues was the reason the Plaintiffs Mr. Dunham club was revoke and demands judgment in the sum of $500,000.00 compensatory damages and $100,000.00 punitive damages as the false allegation continues, in debt-ness of $1000.00 has not been returned; and intellectual property of copying " Black Culture" " Black Heritage"; including the ongoing copyright culture infringement; and culture "Misusing Black-likeness" and copying "Black Civil Rights Terms" practice by the Plaintiffs continue to be exploited to this day; and limited cost for attorney fees all costs of these proceedings servicing.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purposed, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement or Rule 11.

I agree to provide the Cleark's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: July 24, 2024

Signature of Plaintiff Kimbly Arnold Law Student (in Pro Per)

Signature of Plaintiff Roland Dunham II (in Pro Per)

CIVIL RIGHT COMPLAINT [AMENDED FILING BACKDATING]