UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBLY ARNOLD, *et al.*, | Case No. 2:24-cv-3168-TLN-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LION'S CLUB INTERNATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

Plaintiffs, proceeding without counsel, filed this action against Lion's Club International and several of its employees and officers. On April 3, 2025, the court issued an order that observed that the instant case appears to be duplicative of another case that plaintiffs commenced in this district against the same defendants, and relating to the same dispute. ECF No. 5; *see Arnold v. Lions Club International Association*, No. 2:24-cv-2095-DAD-AC. That order required plaintiffs, within fourteen days, either to file a notice of voluntary dismissal of this action or to explain why this case should not be dismissed as duplicative of their earlier-filed case, which remains pending. Plaintiffs were also warned that failure to respond to the April 3 order would result in a recommendation that this action be dismissed. Plaintiffs have not complied with that order, and the time to do so has passed.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

1

1  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
2  comply with these Rules or with any order of the Court may be grounds for imposition by the
3  Court of any and all sanctions . . . within the inherent power of the Court.").

4        A court may dismiss an action based on a party's failure to prosecute an action, failure to
5  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
6  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
7  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
8  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
10 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
11 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
12 prosecution and failure to comply with local rules).

13       In recommending that this action be dismissed for failure to comply with court orders, I
14 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
15 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
16 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
17 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

18       Here, plaintiffs failed to respond to the order directing them to explain why this case is not
19 duplicative of the other case they have filed in this district. *See* ECF No. 5. Therefore, the public
20 interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk
21 of prejudice to the defendant all support imposition of the sanction of dismissal. Lastly, my
22 warning to plaintiffs that failure to obey court orders will result in dismissal satisfies the
23 "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-
24 33; *Henderson*, 779 F.2d at 1424. The April 3, 2025 order expressly warned plaintiffs that their
25 failure to comply with the court's order would result in dismissal. ECF No. 5. Plaintiffs had
26 adequate warning that dismissal could result from his noncompliance. I therefore find that the
27 balance of factors weighs in favor of dismissal.
28

Moreover, dismissal is warranted because the instant action is duplicative of *Arnold v. Lions Club International Association*, No. 2:24-cv-2095-DAD-AC. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'").

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed as duplicative and for failure to comply with court orders.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 7, 2025                                  _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE

3